UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NUMBER 1:24-CV-93-LLK

CRYSTAL A.                                                                             PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                            DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff filed a Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying her claims for Disability Insurance Benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. [DN 1]. Plaintiff's Brief and Fact and Law Summary are located at DNs 13 and 14, and the Commissioner's Brief is at DN 18. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [ DN 11]. The matter is now ripe for adjudication.

After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the ALJ's Decision is supported by substantial evidence and will accordingly AFFIRM the Commissioner's Final Decision and DISMISS Plaintiff's Complaint.

**Administrative History**. Plaintiff filed her Title II DIB application on March 11, 2022, and Title XVI SSI application on March 14, 2022, alleging disability beginning on September 15, 2021, as a result of fibromyalgia, vertigo, vision problems, gastritis, irritable bowel syndrome,

high blood pressure, bipolar, herniated disk, neck problem, primary biliary cholangitis, neuropathy, and migraines. [DN 10] at 229. She was 44 years old at the time of filing. [DN 10] at 274. Plaintiff has an associates degree in business management and worked for many (over fifteen) years as an accounts payable specialist at New Mather Metals. Her claim was denied initially on January 6, 2023, and upon reconsideration on April 18, 2023. Plaintiff timely requested a hearing before an ALJ, which was granted. ALJ Steven Collins conducted the hearing by telephone on October 2, 2023. Attorney Vicky Aukerman appeared with Plaintiff at the hearing. Stephanie Barnes, an impartial vocational expert, also provided testimony during the hearing. On March 29, 2024, the ALJ issued his written Decision [DN 10] at 22-35, finding Plaintiff not disabled.

Plaintiff timely requested review of the ALJ's Decision by the Appeals Council, and on April 15, 2024, the Appeals Council granted Plaintiff an extension of time in which to file additional evidence. [DN 10] at 12. On May 29, 2024, the Appeals Council denied Plaintiff's request for review. [DN 10] at 6. As a result of the Appeals Council denial, the ALJ's Decision became the final Decision of the Commissioner and subject to judicial review in this Court. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

**The ALJ's Decision**. The ALJ's Decision denying Plaintiff's claims for DIB and SSI [DN 10] at 22-35, was based upon the five-step sequential evaluation process which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2027, and that she has not engaged in substantial gainful activity since September 15, 2021, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*). [DN 10] at 24.

Second, the ALJ found that Plaintiff has the following severe impairments: migraine, fibromyalgia, diabetes mellitus (DM), peripheral neuropathy, lumbar and cervical degenerative disc disease (DDD), obesity, major depressive disorder (MDD), and history of opioid use disorder in remission (20 CFR 404.1520(c) and 416.920(c)). [DN 10] at 25.

Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). [DN 10] at 25.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity ("RFC"), which is defined as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). In making an RFC determination, the ALJ considers the record in its entirety. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c). The ALJ found that, notwithstanding her impairments, Plaintiff can perform a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climbing ramps and stairs, and never climbing ladders, ropes, or scaffolds. The claimant can stoop, kneel, crouch, and crawl occasionally, and frequently handle, finger, and feel with the bilateral upper extremities. She requires a 30 minute sit/stand option, needing 1-2 minutes to change positions while staying on task. She should avoid concentrated exposure to vibration and all exposure to dangerous machinery and unprotected heights. She can understand, remember, and carry out simple, routine tasks, make simple work related decisions, and tolerate few, if any, workplace changes with minimal variation in job duties from day to day. She can perform these tasks in two hours [sic] segments over an eight hour workday, tolerate frequent contact with supervisors and coworkers and occasional contact with the public.

[DN 10] at 28.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work (20 CFR 4-4.1565 and 416.965). [DN 10] at 33.

Fifth, the ALJ found that Plaintiff was born on September 10, 1977, and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963); that she has at least a high school education (20 CFR 404.1564 and 416.964); that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2); and after considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). [DN 10] at 33.

**Standard of Review**. The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F.App'x 516, 522 (6th Cir. 2008). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 296 (6th Cir. 1994).

The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial

evidence supports the decision. *Id*. If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id*.

Because Plaintiff filed her DIB and SSI claims in March of 2022, the new rules for weighing medical opinions apply. See 20 C.F.R. §§ 404.1520c, 416.920c ("For claims filed … on or after March 27, 2017, the rules in this section apply.") Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJs will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(c)(5). However, the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. §§ 404.1520c(c)(1)-(c)(2), 416.920c(c)(1)-(c)(2). Without the treating physician rule, the applicable regulations allow the ALJ "to evaluate the persuasiveness of submitted medical opinions, with particular focus on their supportability and consistency." *Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645 at *6 (6th Cir. June 12, 2024).

**Relief Sought by Plaintiff.** Plaintiff's Fact and Law Summary outlines her three arguments against the ALJ's Decision as follows: 1) The ALJ erred at Step Three by improperly evaluating the Plaintiff's severe migraine headaches and fibromyalgia as not meeting listing-level severity, [DN 14] at 2; 2) The ALJ erred by failing to include limitations in the RFC that corresponded to Plaintiff's severe migraine headache disorder [DN 14] at 4; and 3) The ALJ erred by failing to properly evaluate Plaintiff's severe impairment of obesity. [DN 14] at 5.

**<u>Plaintiff's first argument is unpersuasive</u>.**

**Plaintiff takes issue with the ALJ's findings at Step Three, arguing that the ALJ erred as a matter of law on two issues: 1) for not properly evaluating her severe migraine headaches to determine whether they equal the severity of Listing 11.02, and 2) for not properly evaluating her fibromyalgia to determine whether it equals the severity of Listing 14.09D.**

At Step Three of the sequential evaluation process, a claimant will be found disabled if her impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). At Step Three, Plaintiff bears the burden of proving her impairment meets or medically equals a listing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). A claimant must satisfy all the criteria to "meet" the listing and be deemed disabled. See 20 C.F.R. § 404.1525(a)(4)(iii); however, a claimant is also deemed disabled if her impairment is the medical equivalent of a listing. *Id*. Medical equivalence means "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). There is no medical listing for migraine headaches; the listing for medical equivalency is the listing for Epilepsy, 20 C.F.R., Part 404, Subpart P, Appendix 1, § 11.02. (*See also* SSR 19-4p which details the medical equivalency analysis for headache disorders, stressing that it will be "uncommon" for a headache disorder to medically equal a listing.)

**Plaintiff's headaches**. Plaintiff's argument that the ALJ erred in not properly evaluating her severe (vocationally significant) headaches for listing equivalence fails for several reasons. First, Plaintiff conceded to the ALJ at the administrative hearing that her headaches do not meet

or medically equal a listed impairment, [DN 10] at 47. Secondly, despite Plaintiff's concession that her headaches do not meet or equal a listing, review of the ALJ's Decision indicates that he did in fact consider her migraine headaches under Listing 11.02. [DN 10] at 26-27.[1] In addition to considering them at Step Three, he also considered her headaches as part of his RFC analysis. [DN 10] at 29-30. Notably absent from the Plaintiff's extensive (almost 5000 page) record is any medical opinion that her headaches equal listing 11.02. The state agency medical consultants who reviewed the medical evidence concluded that none of Plaintiff's impairments, either alone or in combination, met or equaled a listing. The ALJ's analysis of Plaintiff's headaches at Step Three in this case is more than sufficient to meet the requirements under the applicable rules and regulations.

      Finally, the Plaintiff's contention that she medically equals Listing 11.02 lacks any citation to the medical evidence in the record. It is the Plaintiff's burden to show that she meets or equals all of a listing's criteria. In order to show medical equivalence, a claimant must present medical findings equal in severity to all criteria for the one most similar listed impairment, *Sullivan*, 493 U.S. at 531. SSR 17-2p requires that, in order to meet or equal a listing, the record must contain one of the following forms of medical evidence: a prior administrative medical finding from the initial or reconsideration adjudication levels supporting the medical equivalence finding; or medical expert evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding; or a report from the Appeals Council medical support staff supporting the medical equivalence finding. A claimant must point to specific evidence that demonstrates she reasonably could meet or equal every

---

[1] SSR 17-2p provides, "if an adjudicator at the hearings or AC level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) do not medically equal a listed impairment."

requirement of a listing; absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432-33 (6th Cir. 2014). Plaintiff has failed to present the requisite evidence of listing equivalency for her migraine headaches; the ALJ's findings at Step Three are supported by substantial evidence and comport with applicable law.

**Plaintiff's fibromyalgia**. Fibromyalgia is not a listed impairment. So like migraine headaches, in it must be proven to medically equal the severity of another listed impairment, such as Listing 14.09D, the listing for inflammatory arthritis.[2] SSR-12-2p provides guidance for the evaluation of fibromyalgia, and the ALJ's Decision indicates that he considered that policy in finding that Plaintiff's condition meets those criteria for a medically determinable impairment. [DN 10] at 25. But despite having conceded in the administrative hearing that she was seeking only Step Four and Five review, Plaintiff now asserts that the ALJ erred in not considering whether her fibromyalgia medically equals a listed impairment at Step 3. [DN 13] at 13.

Plaintiff is correct that the ALJ did not explicitly discuss listing 14.09D (or any other listing) when finding at Step Three her fibromyalgia did not equal a listing. However, he was not required to do so. As noted by the Commissioner, neither Sixth Circuit case law nor SSR 12-2p require an ALJ to address a particular listing. The Sixth Circuit has declined to "require remand when the ALJ provides minimal reasoning at step three of the five-step inquiry, especially where [plaintiff] did not argue at the hearing that he met a particular listing." *Forrest*, 591 F. App'x at 365. Furthermore, an ALJ is required to address a particular listing only when the record raises a

---

[2] This listing requires repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level: 1) limitation of activities of daily living; 2) limitation in maintaining social functioning; 3) limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. 20 C.F.R. Pt. 404, Subpt. P., App. 1, 14.09D.

"substantial question" as to whether the claimant satisfies the requirements of the listing. *Smith-Johnson*, 579 F. App'x 426, 432 (6th Cir. 2014) (citing *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). To raise a substantial question, the claimant must point to specific evidence that demonstrates that he "reasonably could meet or equal every requirement of the listing." *Id*. The Commissioner's point is well-taken; Plaintiff has failed to show that the evidence of record raised a "substantial question" as to whether her fibromyalgia equals every criterion of Listing 14.09D, or any other applicable listing.

Plaintiff fails to adequately identify evidence that would support her claim of listing-level severe fibromyalgia. She faults the ALJ's analysis for not touching on any of Listing 14.09D's relevant criteria, but then includes only vague citations to her treatment history, medications, and symptoms as support for meeting those criteria. Plaintiff carries the burden of proving that the medical criteria of a listed impairment are satisfied, and this burden is construed strictly because the listing represents an automatic screening in of an impairment as disabling independently of any other medical or vocational factor. See *Sec'y v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify.") Plaintiff has failed to carry her burden to demonstrate her fibromyalgia could equal a listing.

### **Plaintiff's second argument is unpersuasive.**

**Plaintiff contends that the ALJ erred as a matter of law when formulating the RFC by failing to provide for limitations related to the Plaintiff's severe migraines.**

Plaintiff argues that the ALJ erred by failing to account for any limitations regarding the Plaintiff's severe migraine headaches in the RFC and ignored the evidence of record regarding her ongoing migraine headaches and failed to account for their affect upon her ability to function in

the workplace. [DN 13] at 16. The ALJ's RFC analysis, prepared "[a]fter careful consideration of the entire record," constitutes six pages of his fourteen-page written Decision. [DN 10] at 28-33. Throughout, the ALJ addressed both objective medical evidence and Plaintiff's subjective allegations regarding her alleged impairments and associated limitations. See 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3) (requiring same).

The ALJ's RFC analysis includes a summary of Plaintiff's hearing testimony regarding her migraine headaches, [DN 10] at 29, a thorough summary of her treatment and medications taken for her headaches, and medical opinion evidence from state agency consultants Dr. Neil Armstrong and Dr. Donna Farmer, and an opinion from consultative examiner Dr. Samuel Kimmell. The state agency consultants considered Plaintiff's impairments and concluded that she could perform light work, but with additional postural and environmental limitations to account for her back problems, fibromyalgia, obesity, neuropathy and migraines. The ALJ found their opinions to be persuasive as supported by and consistent with the medical and other evidence. But in finding that the Plaintiff retained the RFC for light work with additional postural, environmental, and mental limitations, the ALJ assessed greater limitations (than those of the state agency physicians) based upon Plaintiff's hearing testimony. [DN 10] at 32.

Plaintiff bears the burden of proving a more restrictive RFC than found by the ALJ. *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 589 (6th Cir. 2019). Typically, a plaintiff may satisfy this burden by showing that either 1) a treating or other medical source opined limitations not contemplated by the ALJ's RFC and the ALJ erred in discounting the opinion; or 2) the ALJ improperly evaluated the limiting effects of pain or other subjective symptoms. Plaintiff identifies no treating source who opined greater restrictions than those found by the ALJ; in fact, she relies solely upon Plaintiff's subjective complaints in arguing for greater restrictions than those found in

the RFC. And though he found the state agency program physicians' opinions to be persuasive, he gave Plaintiff the benefit of the doubt in assigning more restrictions than they found.

Furthermore, an ALJ's pain/ "credibility assessment must be accorded great weight and deference." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). Where the ALJ's evaluation of the medical opinions is supported by substantial evidence, the ALJ's pain/credibility assessment is "virtually unchallengeable absent compelling reasons." *Id*. In this case, the Court finds that the ALJ's evaluation of the medical opinions is supported by substantial evidence, and Plaintiff identifies no compelling reason to second guess the ALJ's pain/credibility assessment.

## Plaintiff's third argument is unpersuasive.

**Plaintiff contends that the ALJ erred as a matter of law when formulating the RFC by failing to properly evaluate and provide limitations for the Plaintiff's severe medical impairment of obesity.**

As noted by the Commissioner, SSR 19-2p directs that ALJs must consider the limiting effects of obesity when assessing a Plaintiff's RFC but does not mandate how the ALJ is to consider it. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006). And Plaintiff still bears the burden of "marshaling objective medical evidence and medical opinions establishing work-related limitations." *Courtney I. v. Kijakazi*, No. 3:22-cv-309-CRS-RSE, 2023 WL 4996614, at *4 (W.D. Ky. June 16, 2023), Report and Recommendation adopted, 2023 WL 4546519 (W.D. Ky. July 14, 2023). The ALJ's Decision assesses Plaintiff's obesity from Step Two through his RFC findings. The ALJ considered and found persuasive the state agency physicians' findings and used them in formulating the RFC to include both postural and environmental limitations to account for Plaintiff's obesity. [DN 10] at 33.

Plaintiff bears the burden of proof at Steps 1-4, including proving her RFC. See *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity."). Plaintiff did not prove greater limitations resulting from her obesity than those adopted by the ALJ in the RFC.

## ORDER

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's Decision is supported by substantial evidence and comports with applicable law, the Commissioner's final Decision is hereby AFFIRMED, and Plaintiff's Complaint is DISMISSED.

September 30, 2025

Lanny King, Magistrate Judge
United States District Court